966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Curtis Allen WILSON, Appellant.
 No. 91-2259.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1991.
Filed: June 23, 1992.
 
 Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Curtis Allen Wilson appeals a sentence of 120 months imposed after he pleaded guilty to one count of possession of methylamine with intent to manufacture in violation of 21 U.S.C. § 841(d)(1). We affirm.
 
 
 2
 In the presentence investigation report (PSI), the probation officer assigned Wilson a base offense level of thirty and recommended a two-point enhancement for his role in the offense under U.S.S.G. § 3B1.1(c). Seven criminal history points were assessed, resulting in a criminal history category of IV and a sentencing range of 168 to 210 months.
 
 
 3
 At sentencing, Wilson sought a two-level reduction for acceptance of responsibility. The district court, however, denied this reduction and also refused to assess the two-level increase for his role in the offense, resulting in a sentencing range of 135 to 168 months. Wilson was sentenced to the statutory maximum of 120 months for the offense.
 
 
 4
 On appeal, Wilson argues that the district court abused its discretion in denying the reduction for acceptance of responsibility.[1] If a two-level reduction had been granted, the sentencing range would have been 110 to 137 months. The sentence imposed was within this range. In the case of overlapping ranges, if the district court has indicated, or it is otherwise clear from the record, that the same sentence would have been imposed in any event, the merits need not be reached. See, e.g., United States v. Khang, 904 F.2d 1219, 1225 (8th Cir. 1990) (remanded because it was not clear that the district court would have imposed the same sentence).
 
 
 5
 We are satisfied that the district court would have given the same sentence even if the reduction had been granted. A review of the transcript of the sentencing hearing shows that the trial judge felt compelled to sentence Wilson to the statutory maximum. Wilson's sentence of 120 months falls near the midpoint of the guideline range that would have been applicable if the reduction for acceptance of responsibility had been granted. This is not a case requiring remand on account of concerns that arise when the sentence imposed is at or near the top or bottom of what the district court thought was the applicable sentencing range. See, e.g., United States v. Luster, 896 F.2d 1122, 1130 (8th Cir, 1990). Under the circumstances, we decline to review the exercise of discretion. We find that the sentence should be affirmed even if an error has been made; no purpose would be served by a reversal and remand, since the same sentence would lawfully be imposed upon resentencing.
 
 
 6
 For the reason stated, the sentence of the district court is affirmed.
 
 
 
 [1]
 Wilson also raises other arguments that we need not address in light of our disposition of this matter